AndersonDodson, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

Civil Case No.

STEVE WAGNER,

        Plaintiff,

v.

JD CLEANING SERVICE, LLC, and
JOSEPH DE PINA SR., an individual,

        Defendants.

## COMPLAINT

### INTRODUCTION

Plaintiff Steve Wagner ("Plaintiff"), worked as a cleaning technician for Defendants' cleaning services company for approximately 16 months, from about August 1, 2020 to December 26, 2021. His agreed upon rate of pay was $14.00 per hour, but there were several issues with his pay. First, Defendants did not pay Plaintiff properly for his overtime hours worked. Rather than paying Plaintiff at his overtime rate of $21.00 per hour, Defendants instead paid plaintiff $13.00 per hour for hours he worked over 40 in a workweek. Defendants sent Plaintiff these overtime wage payments via Cash App, a mobile payment service that allows users to transfer money via a mobile-phone app. Second, because of these improper overtime payments, Plaintiff was not paid at least the minimum wage for any work he performed within the City and County of Denver in 2021. Additionally, for many workweeks Plaintiff's effective rate of pay was below both state and city minimum wage rates in 2020 and 2021. Third, Plaintiff would frequently pay for supplies and equipment necessary to do his job and was not reimbursed for many of these business expenses. To challenge these and other wage violations, Plaintiff brings this action, by and through his

attorneys, against Defendants JD Cleaning Service, LLC, and Joseph De Pina Sr., an individual, to recover unpaid or underpaid wages and other damages under the provisions of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq*. (hereinafter "FLSA"), the Colorado Wage Claim Act, §8-4-101, *et seq*. and the Colorado Minimum Wage Act, C.R.S. §8-6-101, *et seq*., as implemented by the Colorado Minimum Wage Order (the "Minimum Wage Orders") and then the Colorado Overtime and Minimum Pay Standards Orders ("COMPS") (collectively, "CWCA").

Plaintiff also brings a fraudulent reporting of information return claim based on the Defendants' fraudulent filing of information with respect to Plaintiff's wages.

Plaintiff also brings conversion claims based on Defendants' failure to pay Plaintiff at least the minimum wage for all hours worked, improper payment of overtime wages, and failure to reimburse Plaintiff for business expenses.

## JURISDICTION AND VENUE

This Court has jurisdiction over the subject matter of the action pursuant to 28 U.S.C. § 1331, by virtue of federal questions, 29 U.S.C. § 201 *et seq.* of the FLSA.

This Court has supplemental jurisdiction over Plaintiff's state law claims by authority of 28 U.S.C. § 1367.

Venue lies with this Court pursuant to 28 U.S.C. § 1391(b) and 29 U.S.C. § 201 *et seq.* Defendants' business address is 1108 Cypress Drive, Fort Collins, CO 80521, and one or more of the Defendants named herein resides in this district, upon information and belief.

## PARTIES

### Defendant JD Cleaning Service, LLC

Defendant **JD Cleaning Service, LLC** (hereinafter "JD Cleaning Service") is a limited liability company doing business within Larimer County, whose principal place of business

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Wagner v. JD Cleaning Service, LLC, et al*
USDC (D. Colo.)

Complaint
Page 2

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

is located at 1108 Cypress Drive, Fort Collins, CO 80521. Its registered agent is listed with the Colorado Department of State as Defendant Joseph De Pina Sr. at the same address, with a mailing address of PO Box 270544, Fort Collins, CO 80527.

At all relevant times, Defendant JD Cleaning Service had annual gross revenues in excess of $500,000.

At all relevant times, Defendant JD Cleaning Service was engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

Defendant JD Cleaning Service purchases cleaning supplies, equipment, and other necessary items to run its cleaning services company and serve its customers from out of state vendors selling such supplies, and equipment originating outside the state of Colorado. Agents of Defendant JD Cleaning Service also travel on public highways and interstates to various customer locations to perform their work. In addition, the company performed work for entities heavily involved in the stream of commerce such as Amazon. Further, Defendant JD Cleaning Service advertises its cleaning services company to the entire world on the internet at https://www.facebook.com/jdcleanllc. Defendant JD Cleaning Service also accepts payments by credit cards and, upon information and belief, utilizes the phone and internet lines to accept and transmit payments.

At all times material to this action, Defendant JD Cleaning Service was subject to the FLSA and was an "employer" of the Plaintiff, as defined by § 203(b) of the FLSA.

**Defendant Joseph De Pina Sr.**

Defendant Joseph De Pina Sr. (hereinafter "De Pina"), an individual, resides at 1108 Cypress Drive, Fort Collins, CO 80521, upon information and belief.

At all times material to this action, Defendant De Pina actively participated in the business of the corporation.

Defendant De Pina is the owner of the company.

At all times material to this action, Defendant De Pina exercised substantial control over the functions of the company's employees including Plaintiff. For example, Defendant had the ability and authority to hire and fire employees, set rates of pay, and set employee schedules. Defendant De Pina is very involved in the day-to-day operations of the company and supervised and directed Plaintiff's daily activities.

At all times material to this action, Defendant De Pina was an "employer" of the Plaintiff and others similarly situated, as defined by § 203(b) of the FLSA.

**Plaintiff Steve Wagner**

Plaintiff Steve Wagner is a resident of Fort Collins, Colorado.

Plaintiff Wagner worked for Defendants as a cleaning technician from August 1, 2020 to December 26, 2021.

At all times material to this action, Plaintiff Wagner was an "employee" within the meaning of 29 U.S.C. § 203(e) and 7 C.C.R. 1103-1(2).

While working in this capacity, Plaintiff Wagner was expected to record time worked by handwritten daily log. Upon information and belief, Defendants are in possession of all employees' time records, including Plaintiff's.

Wagner estimates that generally he worked approximately 60 hours per week.

Plaintiff Wagner's worktimes varied, but he usually worked 6 days per week.

Defendants "shaved" or improperly adjusted Plaintiff's time by altering and reducing the number of hours Plaintiff entered in his time logs.

While in this position, Plaintiff Wagner's pay scheme was hourly and his rate of pay was $14.00

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Wagner v. JD Cleaning Service, LLC, et al*
USDC (D. Colo.)

Complaint
Page 4

per hour.

For hours over 40 worked in the workweek, Plaintiff Wagner was paid $13.00 per hour "off the books." Thus, he was not paid at a rate of one- and one-half times his normal hourly rate for all hours over 40 worked in a workweek.

Plaintiff Wagner did not consistently get to take a meal break of 30 minutes or more relieved of all duties, with Defendants' knowledge.

Plaintiff Wagner did not get consistent *bona fide* rest breaks, either.

Plaintiff received pay statements, but they did not accurately reflect his hours worked.

## LEGAL CLAIMS

### FAIR LABOR STANDARDS ACT (FLSA) VIOLATIONS

Plaintiff realleges and incorporates by reference each allegation contained in the paragraphs above, and by reference repleads and incorporates them as though fully set forth here.

*Failure To Pay Time Overtime Properly*

Defendants failed to compensate Plaintiff at a rate of one- and one-half times his normal hourly rate for all hours over 40 worked in a workweek, in violation of the FLSA.

*Failure To Pay Minimum Wage*

Defendants failed to pay Plaintiff the minimum wage for all hours worked, in violation of the FLSA.

*Record-Keeping Failures*

At all relevant times, Defendants failed to make, keep, and preserve accurate records regarding the wages, hours, and other conditions of employment of Plaintiff and other similarly situated employees, in contravention of the FLSA and affiliated Regulations, 29 U.S.C. §§ 211(c), 215(a)(5) and 29 C.F.R. § 516.

AndersonDodson, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Wagner v. JD Cleaning Service, LLC, et al*
USDC (D. Colo.)

Complaint
Page 5

*Willful & Not Based On Good Faith & Entitlement to Damages*

Defendants had no good faith basis for believing that their pay practices as alleged above were in compliance with the law.

At all relevant times, Defendants knew of the FLSA's requirements regarding minimum wage and overtime. In paying Plaintiff in the manner in which they did, Defendants knowingly violated the mandates of the FLSA.

The foregoing conduct constitutes a "willful" violation of the FLSA, 29 U.S.C. § 255(a).

As a result of the violations by Defendant of the FLSA, the Plaintiff is entitled to all damages available under the FLSA which include, but are not limited to, all unpaid wages, overtime, liquidated damages, attorney fees, costs, and interest, as set forth in the FLSA, more specifically 29 U.S.C. § 216(b).

## COLORADO WAGE ACT VIOLATIONS

Plaintiff realleges and incorporates by reference each allegation contained in the paragraphs above, and by reference repleads and incorporates them as though fully set forth here.

The Defendants were Plaintiff's "employer" as that term is defined by the COMPS. 7 C.C.R. 1103-1(1.6).

Plaintiff was Defendants' "employee" as that term is defined by the COMPS Order because he performed labor for the benefit of Defendant in which Defendant commanded when, where, and how much labor or services would be performed. 7 C.C.R. 1103-1(2).

*Failure to Pay Minimum Wage*
**(Violation of the C.R.S. § 8-6-101** *et seq.***; Colorado Min. Wage Order 31, 7 C.C.R. § 1103-1)**

The Defendants failed to pay Plaintiff at a rate at or above the applicable minimum wage rate for all hours worked in the workweek.

In 2020, Colorado's minimum wage rate was $12.00 per hour, but for any work performed within

AndersonDodson, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Wagner v. JD Cleaning Service, LLC, et al*
USDC (D. Colo.)

Complaint
Page 6

the City and County of Denver the rate was $12.85 per hour. In 2021, Colorado's minimum wage rate was $12.32 per hour, and the Denver minimum wage from January 1, 2021 to June 30, 2021 was $14.77 per hour; from July 1, 2021 to December 31, 2021 the Denver minimum wage rate increased to $15.00 per hour. Therefore, when Plaintiff worked within the boundaries of Denver County in 2021, he was not paid at least the minimum wage for his time worked.

In addition, the amount Plaintiff received in a given workweek (including the overtime pay) divided by the number of hours actually worked resulted in a wage less than the applicable minimum wage rate for many workweeks. For example, if Plaintiff worked 60 hours per week, he would have been paid $14.00 times 40 hours ($560.00) plus $13.00 times 20 hours ($260) which is a total of $820.00. This yields an effective rate of $11.71 per hour (40 hours x $11.71 plus $20 hours x $11.71 x 1.5 = $820) which is below the applicable state and city minimum wage rates in 2020 and 2021. Thus, there are many workweeks when Plaintiff was not paid at least the minimum wage for all hours worked.

### *Failure to Pay Weekly Overtime Premiums*
**(Violation of the Colorado Wage Act, C.R.S. §§ 8-4-109; 7 C.C.R. 1103-1(4))**

Plaintiff worked more than 40 hours at least some workweeks.

Defendants did not pay the Plaintiff overtime premiums for hours worked over 40 in each workweek.

As a result, Plaintiff suffered lost wages and lost use of those wages in an amount to be determined at trial.

Plaintiff is entitled to recover in a civil action the unpaid balance of the full amount of the wages owed to him and penalties. C.R.S. § 8-4-109; 7 C.C.R. 1103-1(18).

Defendants violated the CWA as implemented by the COMPS Order, when they failed to pay the Plaintiff overtime premiums for hours worked over 40 in each given workweek or 12 hours per day. 7 C.C.R. §1103-1(4).

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Wagner v. JD Cleaning Service, LLC, et al*
USDC (D. Colo.)

Complaint
Page 7

For any and all time worked by all Plaintiff, or to be credited to all Plaintiff during a workweek, Plaintiff is entitled to pay at his regular rate of pay for work up to 40 hours of work per workweek, and at time-and-a-half for all of work over 40 hours per workweek or 12 hours per day.

### *Failure to Pay All Earned Wages*
**(Violation of the C.R.S. § 8-6-109)**

Plaintiff has been separated from employment with Defendants.

Defendants have failed to pay Plaintiff all his wages and compensation earned during his employment.

> In addition to the other wage underpayments alleged, Defendants regularly failed to reimburse Plaintiff for gas used to drive between worksites or for purchasing cleaning supplies and renting equipment used on jobs.

### *Denial of Mandatory Rest Periods*
**(Violation of the CMWA, C.R.S. §§ 8-6-101, *et seq*., Wage Order 7 C.C.R. 1103-1)**

Defendants did not pay Plaintiff for all his time worked under Colorado law because they did not provide Plaintiff with 30 minute duty-free paid meal breaks for each five hours of work Plaintiff performed. COMPS 7 C.C.R. 1103-1(7).

Defendants did not pay Plaintiff for all his time worked under Colorado law because they did not provide Plaintiff with 10 minute duty-free paid rest breaks for each four hours of work Plaintiffs performed. COMPS 7 C.C.R. 1103-1(8).

### *Failure to Pay Wages In Response to Wage Demand*
**(Violation of the C.R.S. § 8-6-109)**

Plaintiff, through counsel, issued a Demand for Payment of Wages notice dated March 16, 2022.

Plaintiff, through counsel, issued an additional copy of this demand, attached to a cover letter dated March 30, 2022.

Defendants have not tendered any payment in response to this demand.

More than 14 days has elapsed since March 16, 2022.

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY  10004
212.961.7639
www.andersondodson.com

*Wagner v. JD Cleaning Service, LLC, et al*
USDC (D. Colo.)

Complaint
Page 8

Therefore, Defendants owe plaintiff statutory penalties in the amounts set forth in C.R.S. § 8-4-109.

### *Record-Keeping Failures; Failure to Provide Pay Stubs*
**(Violation of the CMWA, C.R.S. §§ 8-6-101,** *et seq.***, Wage Order 7 C.C.R. 1103-1(12))**

Defendants failed to maintain a true and accurate record for each employee, including Plaintiff, of the following information:

name, address, social security number, occupation and date of hire

date of birth, if the employee is under eighteen (18) years of age

daily record of all hours worked

record of allowable credits and declared tips

regular rates of pay, gross wages earned, withholdings made and net amounts paid each pay period.

Defendants failed to provide a paystub, or an itemized earnings statement of this information, to Plaintiff for each pay period. C.R.S. 8-4-103(4); C.R.S. §§ 8-6-101, et seq., COMPS 7 C.C.R. 1103-1(12)).

### *Damages*

Plaintiffs are entitled to recover in this civil action the unpaid balance of the full amount of unpaid wages, underpaid minimum wages, and/or underpaid overtime wages that are owed and appropriate penalties, together with reasonable attorney fees and court costs. C.R.S. § 8-6-118; 7 C.C.R § 1103-1(18).

### FRAUDULENT REPORTING

Plaintiff realleges and incorporates by reference each allegation contained in the paragraphs above, and by reference repleads and incorporates them as though fully set forth here.

Defendant willfully filed a fraudulent information return with respect to payments purported to be made to Plaintiff. 26 U.S.C. § 7434(a)

**ANDERSONDODSON, P.C.**
11 Broadway
Suite 615
New York, NY  10004
212.961.7639
www.andersondodson.com

*Wagner v. JD Cleaning Service, LLC, et al*
USDC (D. Colo.)

Complaint
Page 9

Therefore, Defendant is liable to the Plaintiff in an amount equal to the greater of $5,000 or the sum of actual damages, costs, and attorney's fees. 26 U.S.C. § 7434(b)

### CONVERSION/ THEFT OF SERVICES

Plaintiff realleges and incorporates by reference each allegation contained in the paragraphs above, and by reference repleads and incorporates them as though fully set forth here.

Pursuant to COMPS #36 and 37, § 8.4, failure to pay an employee less than the minimum wage and willful refusal to pay wages or compensation, or false denial of the amount of a wage claim, or the validity thereof, or that the same is due, with intent to secure for himself, any discount upon such indebtedness or any underpayment of such indebtedness or with intent to annoy, harass, oppress, hinder, coerce, delay, or defraud the person to whom such indebtedness is constitute theft under C.R.S. § 18-4-401.

By failing to pay the Plaintiff all his wages or compensation, Defendants have committed theft of services.

Pursuant to CRS § 18-4-405, Defendants are liable to the Plaintiff for three times the amount of the actual damages sustained in addition to costs of the action and reasonable attorney fees.

### **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court grant the following relief:

(A) Unpaid and underpaid wages due under the FLSA and the CWCA; and

(B) Liquidated damages in the amount of their unpaid FLSA wages pursuant to 29 U.S.C. § 216(b); and

(C) Statutory damages as provided for the CWCA; and

(D) Award Plaintiff an amount equal to the greater of $5,000 or the sum of actual damages, costs, and attorney's fees caused by Defendants' fraudulent reporting activities; and

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Wagner v. JD Cleaning Service, LLC, et al*
USDC (D. Colo.)

Complaint
Page 10

(E)     Interest; and

(F)     The costs of this action together with reasonable attorneys' fees; and

(G)     Such other and further relief as this Court deems necessary and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by the complaint.

Respectfully submitted, this _____ day of _____, 20\_\_.

ANDERSONDODSON, P.C.

*s/ Penn Dodson*
**Penn A. Dodson**
*penn@andersondodson.com*
11 Broadway, Suite 615
New York, NY  10004
(212) 961-7639 tel.

*s/ Mary Elizabeth Melso*
**Mary Elizabeth Melso**
*mmelso@andersondodson.com*
14143 Denver West Pkwy.
Suite 100-50
Golden, CO 80401

Attorneys for Plaintiff

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY  10004
212.961.7639
www.andersondodson.com

*Wagner v. JD Cleaning Service, LLC, et al*
USDC (D. Colo.)

Complaint
Page 11